UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL FRANCIS PARKIN,

    Petitioner,

v.

DUNCAN MACLAREN,

    Respondent.

_____/

Case No. 1:18-cv-493

HON. JANET T. NEFF

## OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition as time-barred. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. Petitioner has also since filed a Motion for Order to Hold Habeas Petition in Abeyance (ECF No. 8). For the following reasons, the Court denies the objections, denies the motion, and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

The Magistrate Judge determined that Petitioner's May 1, 2018 petition was barred by the one-year limitations period provided in 28 U.S.C. § 2244(d)(1), which expired in this case on September 25, 2017 (R&R, ECF No. 5 at PageID.98). In his objections to the Report and Recommendation, Petitioner merely reiterates, verbatim, the Sixth Amendment claim he presented in his petition (Pet'r Obj., ECF No. 6 at PageID.123-138; *see* Pet., ECF No. 2 at PageID.60-74). This Court's local rule requires an objecting party to "specifically identify the portions of the

proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). This Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* *See also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Petitioner's "objections" wholly fail to identify, let alone demonstrate, any alleged factual or legal error in the Magistrate Judge's analysis or conclusion that his petition is time-barred. Therefore, the objections are denied.

In his Motion for Order to Hold Habeas Petition in Abeyance (ECF No. 8), Petitioner requests this Court "stay or abate its proceedings on this Federal Petition for Habeas Corpus relief, pending the outcome of a State post-conviction Motion for Ruling on Remaining Issues and for an Evidentiary Hearing" (*id.* at PageID.148). However, as the Magistrate Judge pointed out, "[e]ven if Petitioner is able to revive his claims in state court through filing another motion, that new motion would not revive the statute of limitations" (R&R, ECF No. 5 at PageID.98). Therefore, the motion will also be denied.

The Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 6) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 5) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Order to Hold Habeas Petition in Abeyance (ECF No. 8) is DENIED.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: May 30, 2019   /s/ Janet T. Neff
　　　　　　　　　　　　　　　　　　　JANET T. NEFF
　　　　　　　　　　　　　　　　　　　United States District Judge